# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:19-cv-01757-SGC ) |
| RIVERWOOD CONSTRUCTION, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff American Builders Insurance Company initiated this declaratory judgment action—premised on this court's diversity jurisdiction—against Riverwood Construction, LLC, David Null, Courtney and Yolanda Merriweather (the "Merriweathers"), and David and Brenda Riggs (the "Riggses"). (Doc. 1). Presently pending is the motion to dismiss for lack of subject matter jurisdiction filed by Riverwood and Null. (Doc. 10).[2] The motion is fully briefed and ripe for adjudication. (Docs. 13, 19, 22-1).[3] As explained below, the motion to dismiss is due to be denied.

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 20).

[2] The remaining defendants answered. (Docs. 8, 9).

[3] American Builders' unopposed motion for leave to file a surreply is **GRANTED**. (Doc. 22).

Riverwood[4] built a home for the Merriweathers[5] in Gardendale, Alabama, and a home for the Riggses[6] in Morris, Alabama. (Doc. 1 at 3-4). Riverwood completed construction of both homes in 2015. (*Id.*). The Riggses and the Merriweathers sued Riverwood in separate state court lawsuits, alleging similar construction defects. (Doc. 1 at 4-5). While neither underlying complaint includes an *ad damnun* clause, both complaints include claims for negligence, wantonness, fraudulent misrepresentation, suppression, breach of warranty, breach of contract, nuisance, and deceptive trade practices. (Doc. 1-1; Doc. 1-2).

Riverwood was insured under a commercial general liability package (the "Policies") issued by American Builders for the period of February 27, 2016, through February 27, 2019. (Doc. 1 at 5). The Policies provided coverage for bodily injury and property damage which occurred during the policy period. (Doc. 1 at 6). Excluded from the Policies' coverage were: (1) claims arising from work completed prior to the coverage period; and (2) claims for faulty, defective, or poor workmanship. Doc. 1 at 9-10). Coverage was conditioned on Riverwood providing American Builders with prompt notice of any potential claim under the Policies. (Doc. 1 at 10-11).

---

[4] Riverwood is an LLC, the members of which are all Alabama citizens. (Doc. 1 at 2). David Null, the other movant, is a citizen of Alabama. (*Id.*).

[5] Both Courtney and Yolanda Merriweather are Alabama citizens. (Doc. 1 at 2).

[6] Both David and Brenda Riggs are Alabama citizens. (Doc. 1 at 2).

American Builders[7] is defending both underlying lawsuits subject to a reservation of rights. (Doc. 1 at 4-5). In the instant matter, American Builders seeks declarations that it owes no duty to defend or indemnify Riverwood in either underlying lawsuit based on exclusions in the Policies and/or Riverwood's failure to timely notify American Builders of the claims giving rise to the underlying lawsuits. (Doc. 1 at 12-16). The pending motion to dismiss challenges the complaint's naked assertion that the amount in controversy exceeds the $75,000 jurisdictional threshold. (Doc. 10).

## I. DISCUSSION

In order to invoke federal diversity jurisdiction, a plaintiff must claim that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.[8] "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted). "[W]hen an insurer seeks a judgment declaring the absence of liability under a policy, the value of the declaratory relief to the plaintiff-insurer is the amount of *potential* liability under its policy." *First Mercury Ins. Co. v. Excellent Computing Distribs. Inc.*, 648 F. App'x 861, 865 (11th Cir. 2016). A plaintiff satisfies the

---

[7] American Builders is incorporated in Delaware and has its principal place of business in Georgia. (Doc. 1 at 1).

[8] Complete diversity of citizenship is satisfied here. American Builders is a citizen of Delaware and Georgia, and all the defendants are Alabama citizens.

3

amount in controversy requirement by claiming a sufficient sum in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938). Where, as here, a complaint claims indeterminate damages, the party invoking "federal jurisdiction bears the burden of proving by a preponderance of the evidence" that the claim satisfies the jurisdictional threshold. *Federated Mut. Ins. Co. v. McKinnon Motors,* LLC, 329 F.3d 805, 807 (11th Cir. 2003). In resolving a factual attack on the amount in controversy, a court may consider extrinsic evidence. *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011).

The motion to dismiss contends the amount in controversy is not satisfied for two reasons: (1) the value of American Builders' duty to indemnify is not ripe for consideration because the underlying lawsuits remain pending; and (2) the complaint does not allege any facts to suggest the cost to defend the underlying lawsuits will exceed $75,000. (Doc. 10 at 2-4). As explained below, the value of American Builders' duty to indemnify can be included in determining the amount in controversy, notwithstanding the pendency of the underlying litigation. Accordingly, the court need not address arguments regarding the value of the duty to defend.

The duty to defend is more extensive than the duty to indemnify; if there is no duty to defend, there is necessarily no duty to indemnify. *See Hartford Cas. Ins.*

*Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1009 (Ala. 2005). Accordingly, where an insurer seeks a declaratory judgment regarding its duty to defend, "the jurisdictional ripeness requirements are met" as to claims regarding the duty to indemnify. *Tuskegee Univ. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 18-034, 2018 WL 3873584, at *2 (M.D. Ala. Aug. 15, 2018); *see Grange Mutual Cas. Co. v. Indian Summer Carpet Mills, Inc.,* No. 17-1263-ACA, 2018 WL 3536625 (N.D. Ala. July 23, 2018) ("if an insurer has no duty to defend an insured, a declaratory judgment claim regarding the insurer's duty to indemnify is ripe even if the underlying action is still pending").

The foregoing conclusion is not contrary to *State Auto Ins. Co. v. Mays Auto Service, Inc.,* No. 17-01676-RDP, 2018 WL 1583102 (N.D. Ala. April 2, 2018), the principal case discussed in the motion to dismiss. (*See* Doc. 10 at 2-3). In *Mays Auto Service*, the plaintiff insurer conceded its claims concerning the duty to indemnify in an underlying car-wreck case were not ripe. The court agreed because the duty to indemnify there depended on facts which would be adduced during the trial of the underlying case, including: whether the insureds were using the vehicle at the time of the accident; and, if so, whether they were using it in the business capacity for which it was insured. *Id.* at *1, *3. Conversely, the issues presented

here[9] will not be affected by facts concerning construction defects to be determined in the underlying litigation. *See Penn Nat'l Mut. Cas. Ins. Co. v. Watts Builders, LLC,* No. 12-0994, 2014 WL 988609, at *5-*6 (M.D. Ala. Mar. 13, 2014) (declaratory judgment proper where "there is no concern that the facts underlying the duty to indemnify may change"). Likewise, in *Mid-Continent Cas. Co. v. Dealcruz Drywall Plastering & Stucco, Inc.,* 766 F. App'x 768 (11th Cir. 2019), a case discussed in Null and Riverwood's reply, the court did not address the amount in controversy; additionally, the request for declaratory relief there concerned only the duty to indemnify—not the duty to defend.  (*See* Doc. 19 at 4-7).

The potential amount of indemnification American Builders faces in the underlying lawsuits exceeds $75,000. The policies American Builders issued to Riverwood provide $1,000,000 coverage per occurrence. (Doc. 1-3 at 18). According to the itemized damage list filed in the underlying Riggs litigation, the plaintiffs there seek $283,872 to repair their home; they also seek punitive damages and compensation for pain, suffering, and mental anguish. (Doc. 13 at 20). Accordingly, even setting aside the cost of defense and any indemnity arising from the Merriweathers' underlying lawsuit, American Builders has shown by a preponderance of evidence the claims in the instant matter satisfy the jurisdictional

---

[9] The instant matter turns on whether: (1) the construction defects alleged in the underlying lawsuits are covered occurrences under the Policies or arose prior to coverage; and/or (2) Riverwood failed to provide timely notice of the potential claims.

threshold. *See Scottsdale Ins. Co. v. Calhoun Hunting Club & Lounge*, 360 F. Supp. 3d 1262, 1266 (M.D. Ala. 2018) ("When the issue is the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy.") (quotation marks omitted).

For the foregoing reasons, the amount in controversy in this case exceed $75,000. Accordingly, the pending motion to dismiss is **DENIED**. (Doc. 10).

**DONE** this 16th day of September, 2020.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE