# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:19-cv-01757-SGC<br>) |
| RIVERWOOD CONSTRUCTION, LLC, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION[1]

Plaintiff American Builders Insurance Company ("Builders") seeks a declaratory judgment that it owes no duty to defend or indemnify defendants Riverwood Construction, LLC, and David Null in connection with separate lawsuits filed by defendants David and Brenda Riggs (the "Riggses") and defendants Courtney and Yolanda Merriweather (the "Merriweathers"). (Doc. 1).[2] The Riggses and Merriweathers sued Riverwood and Null in state court, alleging defects in Riverwood's construction of their respective homes. In this action, Builders asserts

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 20).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

Riverwood and Null did not timely notify it of either lawsuit and it therefore owes no duty to defend or indemnify them in the underlying lawsuits.

Presently pending is Builders' motion for summary judgment, which is fully briefed and ripe for adjudication.[3] (Docs. 36-38, 42, 43). As explained below, Builders' motion for summary judgment is due to be granted.

## I. Standard of Review

Under Rule 56 of the *Federal Rules of Civil Procedure*, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, the non-moving party must go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.* at 324.

---

[3] Only Riverwood and Null filed responses to Builders' motion for summary judgment; the Riggses and Merriweathers did not respond.

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome of the case will preclude summary judgment. *Id.* All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

## II. Material Facts

Riverwood is a construction company operated, managed, and indirectly owned by Null. (Doc. 36-1 at 12, 16). Null is Riverwood's sole employee, and he handles Riverwood's insurance matters. (Doc. 36-1 at 22). During the period relevant to this lawsuit, Sergie Kampakis with Mikos/Kampakis Insurance Services, Inc., was Riverwood's insurance agent. (Doc. 36-1 at 22).

Builders issued Riverwood several commercial general liability package policies from February 2016 to February 2019 (policy numbers PKG 0213614 00, PKG 0213614 01, PKG 0213614 02, and PKG 0213614 03). (Doc. 36-3). The policies required Riverwood to notify Builders "as soon as practicable" of any

occurrence, claim, or suit. (Doc. 36-3 at 35, 127, 219; Doc. 1-6 at 31).[4] In the event of a claim or lawsuit, Riverwood was required to "see to it that [Builders] receive[d] written notice of the claim or 'suit' as soon as practicable." (Doc. 36-3 at 35, 127, 219; Doc. 1-6 at 31). It was also required to immediately send Builders copies of any demand, summons, or other legal paper. (Doc. 36-3 at 35, 127, 219; Doc. 1-6 at 31). An introductory page to the policies titled "How To File A Claim" identified four methods for Riverwood to contact Builders: calling a specified number, reporting via a website process, emailing to a specified email address, and faxing to a specified number. (Doc. 36-3 at 8, 100, 192; Doc. 1-6 at 4).

Relevant to this action, Riverwood constructed two houses—one for the Riggses and one for the Merriweathers—that later became the subject of separate lawsuits. (Doc. 36-1 at 60, 104). During and after construction, both the Riggses and the Merriweathers complained about unrepaired construction defects, and both couples ultimately filed suit. (Doc. 36-1 at 60; 100).

Riverwood and Null were served with the Riggses' lawsuit in April 2017 and quickly hired counsel, who appeared in the litigation by the end of April. (Doc. 36-1 at 62; Doc. 36-6 at 2). The Merriweathers first sent a March 2017 demand letter threatening to sue Riverwood and Null; Riverwood and Null received the letter by

---

[4] PKG 0213614 03 does not appear to be attached to Builders' summary judgment motion; however, Riverwood and Null stipulated the policies attached to the complaint, including PKG 0213614 03 (Doc. 1-6), were true and correct copies. (Doc. 36-1 at 120).

March 25, 2017. (Doc. 36-1 at 106, 107; Doc. 36-7). The Merriweathers filed suit the following year. (Doc. 36-1 at 100). Riverwood and Null were served with the Merriweather lawsuit in April 2018 and hired defense counsel. (Doc. 36-1 at 102).

The record contains no document suggesting Riverwood provided written notice to Builders before May 2019. Null admitted he never submitted notice directly to Builders of either underlying lawsuit; any notice would have been submitted through his insurance agent, Mr. Kampakis. (Doc. 36-1 at 113). Null also testified he generally discussed litigation with Mr. Kampakis, but he could not state when he informed Mr. Kampakis of either the Riggs or Merriweather lawsuit—". . . I cannot answer when I sent or what I sent on a specific time frame with Mr. Kampakis." (Doc. 36-1 at 131; *see also* Doc. 36-1 at 83, 16, 120).

According to Mr. Kampakis, he first learned about the two lawsuits in April 2019 via an email from Riverwood and Null's defense counsel.[5] (Doc. 36-9 at 9). The April email stated, "I discovered these additional cases[6] against Riverwood while conducting our investigation and preparation of discovery in the two cases we are presently defending for Riverwood. . . . WE RECOMMEND THIS CASE BE IMMEDIATELY TURNED INTO BUILDERS AND/OR OTHER CARRIERS."

---

[5] This email references a "prior discussion" between Mr. Kampakis and defense counsel. Mr. Kampakis testified this discussion occurred at or around the time of this April 2019 email. (Doc. 36-9 at 7).

[6] The Riggs and Merriweather suits were two of the cases referenced in this email. (Doc. 36-9 at 35-36).

(Doc. 36-9 at 35). About a week later, defense counsel emailed Mr. Kampakis again, requesting the Riggs and Merriweather suits be submitted to Builders. (Doc. 36-9 at 38). These emails from defense counsel to Mr. Kampakis are the only documents in the record of notice of the Riggs and Merriweather lawsuits to Mr. Kampakis and the first time he was requested to provide notice to Builders of the Riggs and Merriweather lawsuits. (Doc. 36-9 at 11).[7]

Builders received notice of both lawsuits in May 2019. (Doc. 36-3 at 3). When asked at his deposition about the reason for delay in notice, Null testified multiple times he did not have a reason for the delay:

> Q: You were sued in March of 2017, served April 2017, and Builders did not receive notice until 2019, until May of 2019 in fact. I'm trying to figure out why that is.
>
> A: And I would – I would love to be able to shed light on that, but I honestly don't know why that is.
>
> Q: I'm just asking you why it is – look, if we have to get in front of the Court, the question is, what's your reason for the notice being over two years after the filing of the Riggs lawsuit and over one year after the filing and service of the Merriweather lawsuit? I'm asking you, what's your reason for that? Is your reason, "I just don't know"?
>
> A: I don't have a reason. That's what I'm trying to get you to understand, sir, I don't know of any reason why. I don't know how I can answer it any clearer than I don't have an explanation for that.
>
> ...

---

[7] Riverwood and Null submitted no evidence in opposition to Builders' summary judgment motion.

> Q: Just so I'm clear, I'm trying to figure out, we hit on this a little bit earlier, I want to know the reason why there was such a long delay between the filing of those suits or your receiving demand letters, and any notice being provided to Builders in 2019. Do you have any reason for that?
>
> A: I do not.
>
> Q: You have no reason? All I'm getting at, we're going to be arguing in front of the Court about the impact of the delay in notice, and one thing that could go into that is what the reasons were. I just want to make sure I know what you're going to stay if we ever get in front of the Court. I understand that to be you don't know why there was a delay, correct?
>
> A: Correct.
>
> Q: So there's not some other reason, in your mind – you have no idea why there was a delay?
>
> A: No, sir.

(Doc. 36-1 at 87, 119).

Builders is defending Riverwood and Null in both the Riggs and Merriweather lawsuits under a reservation of rights. (Doc. 36-3 at 4). Builders filed this lawsuit in October 2019, seeking a declaratory judgment that it owes no duty to defend or indemnify Riverwood and Null in either lawsuit because (1) Riverwood's policy does not provide coverage for the claims brought by the Riggses and the Merriweathers, and (2) Riverwood did not notify Builders "as soon as practicable" of either lawsuit, which violates the conditions of Riverwood's policy. (Doc. 1).

7

## III. Discussion

Builders' argument is straightforward: Riverwood's policies required it to provide notice "as soon as practicable" of any occurrence, claim, or lawsuit; because Riverwood delayed unreasonably in giving notice, Alabama law relieves Builders of its obligations under the policies.

Alabama courts interpret the phrase "as soon as practicable" to require an insured to give notice "within a reasonable time in view of the facts and circumstances of the case." *See Arrowood Indem. Co. v. Macon Cty. Greyhound Park, Inc.*, 757 F. Supp. 2d 1219, 1224 (M.D. Ala. 2010). In Alabama, only the length of the delay and the reasons for the delay are considered in determining whether a delay in notice is reasonable. *See id.*

Here, because of the length of the delay and the absence of any excuse for the delay, Builders argues it is entitled to summary judgment on its claim it owes no duty to defend and indemnify Riverwood and Null in the underlying lawsuits. In response, Riverwood and Null reassert the arguments made in their motion to dismiss—that this court lacks jurisdiction to hear this case because Builders' claims are not ripe and do not satisfy the amount in controversy requirement for diversity cases. They also suggest Null "may reasonably have believed that the matters were not covered under the Builders policy" which justifies the delay.

### A.   Ripeness and amount in controversy

Riverwood and Null argue Builders' action is not ripe because the duty to indemnify depends on whether they are found liable in the underlying lawsuits. They also argue Builders has not established the requisite amount in controversy for diversity jurisdiction. The court has already rejected these arguments in its ruling on Riverwood and Null's motion to dismiss. (Doc. 27).

First, Builders has properly satisfied the amount in controversy threshold by establishing it potentially faces more than $75,000 in indemnification costs in the underlying lawsuits. (Doc. 27 at 7). The policies Builders issued to Riverwood provide $1,000,000 in coverage per occurrence. (Doc. 36-3 at 22). The Riggses seek $283,872 to repair their home, as well as punitive damages and compensation for pain, suffering, and mental anguish. (Doc. 13 at 20). It has long been established that multiple claims from a single plaintiff may be aggregated for jurisdictional purposes. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585 (2005) (Ginsburg, J., dissenting) ("This Court has long held that, in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated.") (citing *Edwards v. Bates Cty.*, 163 U.S. 269, 273 (1896)); *see also Snyder v. Harris*, 394 U.S. 332, 335 (1969). Therefore, the amount-in-controversy threshold is satisfied. *See Scottsdale Ins. Co. v. Calhoun Hunting Club & Lounge*,

360 F. Supp. 3d 1262, 1266 (M.D. Ala. 2018) ("When the issue is the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy.") (quotation marks omitted).

Second, because this case involves both the duty to defend and indemnify because of an alleged late notice, it is a sufficiently ripe controversy. The duty to defend is more extensive than the duty to indemnify; if there is no duty to defend, there is necessarily no duty to indemnify. *See Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1009 (Ala. 2005). Accordingly, where an insurer seeks a declaratory judgment regarding its duty to defend, "the jurisdictional ripeness requirements are met" as to claims regarding the duty to indemnify. *Tuskegee Univ. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 3:18-CV-34-WKW, 2018 WL 3873584, at *2 (M.D. Ala. Aug. 15, 2018); *see also Grange Mut. Cas. Co. v. Indian Summer Carpet Mills, Inc.*, No. 4:17-CV-01263-ACA, 2018 WL 3536625 (N.D. Ala. July 23, 2018) ("[I]f an insurer has no duty to defend an insured, a declaratory judgment claim regarding the insurer's duty to indemnify is ripe even if the underlying action is still pending.").

Here, the central question is whether the delayed notice to Builders relieves it of the duty to defend and indemnify Riverwood and Null in the underlying litigation. This question can be resolved now because it does not depend on facts concerning

construction defects that may be determined in the underlying litigation. *See Penn. Nat. Mut. Cas. Ins. Co. v. Watts Builders, L.L.C.*, No. 2:12CV994-MHT, 2014 WL 988609, at *5–6 (M.D. Ala. Mar. 13, 2014) (declaratory judgment proper where "there is no concern that the facts underlying the duty to indemnify may change"). Therefore, Builders' claims present a ripe controversy.

Finally, Riverwood and Null suggest this dispute could and should be handled in the underlying state court proceedings or in a separate state court lawsuit and that this court should exercise its discretion and decline to decide this matter. (Doc. 42 at 10). As support for their argument, they cite *Brillhart v. Excess Ins. Co of Am.*, 316 U.S. 491 (1942), and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). In *Brillhart*, the Supreme Court addressed abstention "where another suit is pending in a state court presenting the **same issues**, not governed by federal law, between the **same parties**." 316 U.S. at 495 (emphasis added). In *Ameritas Variable Life Ins. Co. v. Roach,* the Eleventh Circuit set forth several factors for district courts in considering whether to exercise their *Wilton/Brillhart* discretion under the Declaratory Judgment Act where there are parallel state proceedings. 411 F.3d 1328 (11th Cir. 2005).

Riverwood and Null do not address any of the *Ameritas* guideposts, nor do they explain how the underlying state court lawsuits will fully resolve their controversy with Builders. Moreover, they have not established the Riggs and Merriweather lawsuits are "parallel" to this action—a threshold question when

11

considering *Wilton/Brillhart* abstention. *See Employers Mut. Cas. Co. v. Kenny Hayes Custom Homes, LLC*, 101 F. Supp. 3d 1186, 1189 (S.D. Ala. 2015).

Where a "declaratory judgment action is brought by an insurer against an insured, there are no parallel proceedings if (1) the insurer was not a party to the suit pending in state court; and (2) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage." *Id.* (internal citations and quotations omitted). The question in this action—whether Riverwood and Null timely notified Builders of the claims against them—is factually distinct from the issue in the underlying state court litigation, i.e., Riverwood and Null's liability for their allegedly faulty construction of the Riggses' and Merriweathers' homes. "What exists here are not parallel state court proceedings, but merely related state court proceedings." *Id.*

Even considering the *Ameritas* factors, the court finds abstention is unnecessary here. There do not appear to be common facts or legal issues between this case and the Riggs and Merriweather lawsuits. The court's adjudication of Builders' obligation to defend and indemnify Riverwood and Null does not in any way encroach on the underlying litigation or cause friction between federal and state judiciaries. Instead, a definitive ruling by this court concerning Builders' obligations may eliminate some uncertainty in the underlying litigation by clarifying the legal relationship between Builders and Riverwood and Null—a question not present in

the underlying lawsuits. Moreover, nothing suggests Builders improperly multiplied the proceedings or brought this suit in an act of "procedural fencing." Instead, Builders appears to have brought this action in a proper forum for a proper purpose to resolve issues not included in the underlying litigation. Accordingly, the court will not exercise its discretion under the *Wilton/Brillhart* line of authorities to decline to hear Builders' request for declaratory judgment.

### B. Notice

If a claim was made or suit brought against Riverwood, its policies required it to ensure Builders was notified in writing "as soon as practicable." Under Alabama law, "as soon as practicable" means notice must be given "within a reasonable time in view of the facts and circumstances of the case." *See Travelers Indem. Co. of Conn. v. Miller*, 86 So. 3d 338, 342 (Ala. 2011).[8] Courts consider only two factors when evaluating whether a delayed notice was reasonable under Alabama law: the length of the delay and the reasons for the delay. *See id. (*citing *U.S. Fid. & Guar. Co. v. Baldwin Cty. Home Builders Ass'n, Inc.*, 770 So. 2d 72, 75 (Ala. 2000)). The insurer does not have to demonstrate prejudice from the delay. *See id.* If an insured does not give notice of its claim within a reasonable time, the insurer is released

---

[8] The purpose behind prompt notice of a claim "is well settled: An insurer must have timely notice of an event or occurrence in order to form an intelligent estimate of its rights and liabilities under the policy, to afford it an opportunity to investigate, to allow it to participate in the litigation, and to prevent fraud." *Miller*, 86 So. 3d at 347–48. "The purpose of a notice-of-lawsuit provision in an insurance policy is to give the insurer the opportunity to control litigation on which its contractual liability hinges." *Id.*

from its obligations under the insurance policy. *See id.; see also Miller*, 86 So. 3d at 347–48 (Ala. 2011) (insured's failure to timely notify insurer of lawsuit barred insured from recovering under the policy).

### 1. Timeliness

Builders has shown Riverwood and Null (1) did not notify it of the Riggs lawsuit for more than two years after being served; (2) did not notify it of the Merriweathers' demand letter for more than two years after receiving it; and (3) did not notify it of the Merriweather lawsuit for more than a year after being served. In a single sentence, with no citation to the record or other argument, Riverwood and Null state they dispute Builders was first notified of the underlying lawsuits in May 2019; they admit, however, "the only written notification that is of record, at this time," was dated May 2019. (Doc. 42 at 2). Notably, Riverwood and Null do not argue they provided earlier written notice—instead, they complain Builders did not show no other notices were provided and therefore did not "eliminat[e] all material issues of fact." (Doc. 42 at 2).

This argument requires Builders to prove a negative and is unpersuasive. Builders submitted evidence to establish it was first notified of both lawsuits in May 2019. Thus, the burden shifted to Riverwood and Null to provide evidence demonstrating a genuine dispute of fact regarding the timing of notice. Their bare

statement purporting to dispute the timing of the notice to Builders does not create a genuine issue of material fact for three reasons.

First, in their responses to Builders' requests for admission, Riverwood and Null admitted the underlying lawsuits were provided to Builders on or about May 15, 2019, and they did not recall any other specific event whereby notice of the lawsuits was given to Builders. (Doc. 36-4 at 36, 39). Therefore, this fact is conclusively established. *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").

Second, Riverwood and Null have not sufficiently supported their "fact dispute" as required by the *Federal Rules of Civil Procedure*. If they did provide earlier written notice to Builders, they were required to submit or cite to evidence of that notice to rebut Builders' summary judgment motion. *See* Fed. R. Civ. P. 56(c)(1)(A) (requiring a party to cite to particular portions of the record when asserting a fact is genuinely disputed).[9] Here, Riverwood and Null do not direct the court to any evidence suggesting Builders was notified earlier than May 2019—and in fact, they admit the only evidence of written notice to Builders is dated May 2019.

---

[9] *See also* this court's Initial Order Governing All Further Proceedings: "While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume that the court will consider such materials. A specific reference must include the exhibit number, page, and when appropriate, the line number." (Doc. 21 at 5).

(Doc. 42 at 2). While they purportedly "dispute" this is the first notice Builders received, they neither (1) cite to the portions of the record that establish their dispute is genuine, nor (2) meaningfully challenge Builders' evidence of the date of notice. *See* Fed. R. Civ. P. 56(c)(1). Because they have failed to genuinley dispute Builders' evidence that May 2019 was the first notice to Builders, the court considers this date established under Rule 56(e)(2).

Finally, Null's testimony that he spoke at some point with Mr. Kampakis about any pending litigation is insufficient to show there is a dispute of *material* fact. The policies required Riverwood to ensure Builders received *written* notice of the underlying lawsuits. Notice to Mr. Kampakis did not relieve Riverwood of its obligation to ensure Builders received written notice as required by the policies. *See Sharp Realty & Mgmt., LLC v. Capitol Specialty Ins. Corp.*, No. CV-10-AR-3180-S, 2012 WL 2049817, at *16 (N.D. Ala. May 31, 2012) ("When an insured reports a claim to his own insurance agent, but the agent fails to report it promptly to the insurer, the insured is not relieved of his notice obligation, and the agent's undue delay vitiates coverage."), *aff'd,* 503 F. App'x 704 (11th Cir. 2013). Additionally, they must demonstrate more than simply notice before May 2019; they must demonstrate *timely* written notice to Builders. Thus, to show a genuine issue of material fact, Riverwood and Null were required to present evidence of written notice to Builders within a reasonable time after (1) receipt of the Riggs lawsuit in

April 2017; (2) receipt of the Merriweathers' demand letter in March 2017; and (3) receipt of the Merriweather lawsuit in April 2018. The record contains no evidence of written notice within a reasonable time after these events.

Thus, there is no genuine issue of material fact that Builders was first notified of the underlying lawsuits in May 2019—two years after Riverwood was served with the Riggs lawsuit and received the Merriweathers' demand letter and one year after it was served with the Merriweather lawsuit. Alabama courts have found delays much shorter than the ones here require the insured to state a reasonable excuse for the delay. *See Nationwide Mut. Fire Ins. Co. v. Est. of Files*, 10 So. 3d 533, 536 (Ala. 2008) (five-month delay requires insured to offer reasonable excuse); *Arrowood Indem. Co.*, 757 F. Supp. 2d at 1226 (five-month delay requires reasonable excuse); *Sharp Realty & Mgmt., LLC*, 2012 WL 2049817, at *14 (eight-month delay); *Commc'ns Unlimited Contracting Servs., Inc. v. Liberty Mut. Ins. Co.*, No. 2:18-CV-00613-CLM, 2020 WL 5016820, at *6 (N.D. Ala. Aug. 25, 2020) (two-year delay). Because of the length of the delay, Riverwood and Null must provide a reasonable excuse for the delay.

### 2.  Reason for delay

The reasonableness of an excuse for delayed notice is normally a question for the factfinder, but when an insured does not offer a reasonable excuse for its delay in notifying its insurer of a claim, the issue may be decided as a matter of law. *See*

*Sharp Realty & Mgmt.*, 2012 WL 2049817, at *15. A factfinder determines whether an excuse is reasonable "only when there are truly conflicting possible inferences to be drawn from the totality of the relevant evidence." *Id.*; *see also U.S. Fidelity and Guar. Co.*, 770 So. 2d at 75 ("If the facts are undisputed, however, and the insured does not show justification for the protracted delay, the court may find the delay unreasonable as a matter of law."); *S. Guar. Ins. Co. v. Thomas*, 334 So. 2d 879, 882-83 (Ala. 1976) ("[W]here the facts are undisputed and only one conclusion is reasonably possible, the question whether or not the insured under a liability policy complied with the requirements of notice is a question of law for the court.").

Riverwood and Null testified they "don't have a reason" for the delay in notifying Builders of the underlying lawsuits. In their opposition to summary judgment, they state they were working with the Riggses and Merriweathers to address punch list items and only learned of the alleged defects after the lawsuits were filed. (Doc. 42 at 17). They also suggest Null "may reasonably have believed that the matters were not covered under the Builders" policy, but they neither explain why Null may have thought there was no coverage nor do they cite any evidence to support this new assertion. (Doc. 42 at 17).

Riverwood and Null have not offered a reasonable excuse for the delay. First, Null already testified he did not have a reason for the delayed notice. While he now suggests he "may" have believed the lawsuits were not covered under the policy, the

18

record does not support this argument. Second, even if Null believed there was not coverage, Alabama law accepts late notice only if the "insured has [n]o reasonable grounds for believing that [a]ny act or omission by it, or any act of its employees [w]as the cause of an injury upon which an action was later based by an injured party against the insured . . ." *Thomas*, 334 So. 2d at 884 (citing *Pan Am. Fire & Cas. Co. v. DeKalb-Cherokee Ctys. Gas Dist.*, 266 So. 2d 763, 773 (1972)). By the time the Riggs and Merriweather lawsuits were filed, Riverwood and Null knew they were being blamed for the alleged construction defects. Therefore, this is not a valid excuse for the delayed notice to Builders. *See Thomas*, 334 So. 2d at 884 (belief that coverage did not exist was not sufficient to excuse delayed notice); *see also Watson v. Ala. Farm Bureau Mut. Cas. Ins. Co.*, 465 So. 2d 394, 397 (Ala. 1985); *Reeves v. State Farm Fire & Cas. Co.*, 539 So. 2d 252, 255 (Ala. 1989); *Liberty Mut. Ins. Co. v. Bob Roberts & Co.*, 357 So. 2d 968, 971 (Ala. 1978).[10]

Riverwood and Null did not provide notice of the underlying lawsuits within a reasonable time, and they offer no excuse to justify their delayed notice.

---

[10] Riverwood and Null cite three cases to support their argument they may have provided a reasonable excuse. In the first two, *Pan. Am. Fire & Ca. Co.*, 266 So. 2d at 772, and *U.S. Fid. & Guar. Co. v. Bontiz Insulation Co. of Ala.*, 424 So. 2d 569, 571 (Ala. 1982), the insureds did give timely notice of the lawsuits filed against them; the question was the timeliness of notice after the underlying accident or occurrence. The third case, *Am. Liberty Ins. Co. v. Soules*, involved a question of notice by an additional insured, rather than the named insured. 258 So. 2d 872 (Ala. 1972). There, the court found an eleven-month delay was not unreasonable because the additional insured was unaware of the policy's existence, and therefore he could not know there was coverage. Here, Riverwood is the named insured on the policies; therefore, the reasoning of *Soules* does not apply.

Accordingly, Builders is entitled to summary judgment on its claim for a declaratory judgment it owes no duty to defend and indemnify Riverwood and Null in either the Riggs (Count I) or Merriweather (Count II) lawsuits.

## IV. Conclusion

For the foregoing reasons, there are no genuine issues of material fact, and Builders is entitled to judgment as a matter of law. Accordingly, American Builders' motion for summary judgment will be granted in its entirety. (Doc. 37). A separate order will be entered.

**DONE** this 21st day of September, 2022.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE